FIRST NATIONAL STORES, INC., Appellant, v. YELLOWSTONE SHOPPING CENTER, INC., Respondent.

Rabin, Acting P. J., Hopkins and Nolan, JJ., concur; Benjamin and Munder, JJ., dissent and vote to affirm the order and judgment, with the following memorandum: We agree with the majority's holding that the lease required the tenant to install the water sprinkler system. But we do not agree that this court can and should reverse Special Term's determination declining to take jurisdiction of this action and denying the motion for a temporary injunction. The subject lease gave the landlord the right to terminate it, on 10 days' notice, if the tenant defaulted in the performance of any covenant. The default in this instance was the failure to install a sprinkler system, despite a notice from the Fire Department requiring its installation, and repeated requests from the landlord to install it. Clearly, such default was a serious one, involving, as it did, a major repair affecting the safety of the building. And the landlord consequently had ample reason to terminate the lease under the clause giving it that right. The landlord decided to exercise that right and served a 10-day notice of default on the tenant; the tenant did not cure the default within the prescribed time, and the landlord then declared the lease at an end as of March 15, 1967. That action by the landlord effectively terminated the lease, and the court now lacks power to revive it. This is so because the landlord's acts were strictly in accordance with the lease provisions, and no court can interfere with or bar those proper acts unless it rewrites the lease for the parties; and that, of course, the court cannot do, since there has been no claim of fraud, mutual mistake or other acceptable basis for reformation. Accordingly, we vote to affirm the judgment and order.